IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:24-CR-00026-BHH |
| | ) |
| v. | ) |
| | ) |
| NOAH OLEN FOWLER | ) |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO NOAH OLEN FOWLER**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Noah Olen Fowler, ("Fowler", "Defendant"), based upon the following:

1. On January 10, 2024, an Indictment was filed charging Fowler with:

   Count 1:   Conspiracy to straw purchase and straw purchase of firearms, in violation of 18 U.S.C. § 932(b)(1) and;

   Count 2:   False statement during acquisition of a firearm, in violation of 18, U.S.C. §§ 922(a)(6), 924(a)(1)(2), and 2.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Fowler's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

   A.   Firearm:

   Rock Island Armory, Model 206, .38 special caliber revolver
   Serial Number: RIA2578577
   Asset ID: 23-ATF-039055
   Seized from: Joshua Paul Stewart Turner

  B. <u>Ammunition</u>:

    Miscellaneous rounds of .38 caliber ammunition
    Asset ID: 23-ATF-039057
    Seized from: Joshua Paul Stewart Turner

3. On April 23, 2024, Fowler signed a plea agreement and agreed to the forfeiture of the above-listed assets and forfeiture of a Diamondback Arms, model DB9, 9mm caliber pistol (Serial Number:YN2170) and a miscellaneous quantity of 9mm caliber ammunition. On May 1, 2024, Fowler entered a plea of guilty as to Count 1 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 USC 934(a)(l)(A) and 934(a)(l)(B), and 28 USC 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Fowler will be convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of the Defendant, Noah Fowler, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

  A. <u>Firearms</u>:

    (1) Rock Island Armory, Model 206, .38 special caliber revolver
      Serial Number: RIA2578577
      Asset ID: 23-ATF-039055
      Seized from: Joshua Paul Stewart Turner

    (2) Diamondback Arms, model DB9, 9mm caliber pistol
      Serial Number: YN2170

  B. <u>Ammunition</u>:

    (1) Miscellaneous rounds of .38 caliber ammunition
      Asset ID: 23-ATF-039057
      Seized from: Joshua Paul Stewart Turner

    (2) Miscellaneous quantity of 9mm caliber ammunition

  2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

  3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

  4. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

  5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

11. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                               s/ Bruce Howe Hendricks
                                               BRUCE H. HENDRICKS
                                               UNITED STATES DISTRICT JUDGE

May 16, 2024
Charleston, South Carolina